IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| SEEMA S. BHAT<br>6301 Hidden Clearing<br>Columbia, MD 21045-4238<br>410-964-9743<br>   Plaintiff,<br><br>v.<br><br>D.C. Water and Sewer Authority [WASA]<br>5000 Overlook Avenue<br>Washington, DC 20005<br>   Defendant. | CASE NUMBER 1:05CV01587 <br><br>JUDGE: Royce C. Lamberth<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 08/08/2005<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### NATURE OF ACTION

Plaintiff Seema S. Bhat ("Bhat" or "plaintiff"), brings this action against defendant D.C. Water and Sewer Authority [WASA] ("WASA " or "defendant") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Civil Rights Act of 1866, as amended 42 U.S.C. § 1981 ("Section 1981"), DC Human Rights Act, D.C. Code Section 2-1402.11 ("the DCHRA") and the Equal Pay Act of 1963, 29 U.S.C. §206(d) ("the Equal Pay Act").[1] Plaintiff seeks redress for unlawful continuous and uninterrupted discriminatory employment practices committed by defendant between 2000 through 2003 based on plaintiff's national origin, race and gender (East Indian, South Asian, female).

---

[1] Plaintiff filed a separate action for whistleblower retaliation under the Safe Drinking Water Act, 42 U.S.C. §300(f), *et seq.*, which was heard by the Department of Labor's Office of Administrative Law Judges, after a finding in Ms. Bhat's favor by OSHA and an appeal by WASA. Nothing in this Complaint is intended to detract from Ms. Bhat's whistleblower complaint. Ms. Bhat's instant discrimination complaint is a "mixed-motive" complaint.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and D.C. Code Section 2-1403.16.

2.  This action is authorized and instituted pursuant to Section 706(f) of Title VII, 42 U.S.C. § 2000e-5(f), and 42 U.S.C. § 1981 as amended, D.C. Code Section 2-1403.16 and Equal pay Act of 1963.

3.  On or about September 24, 2003, plaintiff filed a timely Charge of Discrimination, No. 100-2004-00007, with the Equal Employment Opportunity Commission ("EEOC"), complaining that she was unjustly given low Performance Evaluation than similarly situated employees on or about December 6, 2001 and December 6, 2002 and, that she was subsequently terminated on March 5, 2003, due to her race, national origin, gender and retaliation for protected activities.

4.  On or about September 24, 2003 she was replaced by a less-experienced non-South Asian, non-East Indian male with no supervisory or technical experience directly related to position requirement. Her replacement was paid higher wages than Plaintiff, though he had less skill, and was required to exert equal or less effort and had equal or less responsibility.

5.  On or about September 10, 2004, following its investigation, the EEOC found probable cause to believe that the defendant violated Title VII of the Civil Rights Act of 1964, as amended, with regard to plaintiffs race, Asian and National origin, East Indian on the issue of plaintiffs performance evaluation and her subsequent discharge. The EEOC also found a per se violation of title VII and the ADEA by the issuance by defendant of a separation agreement on or about February 10, 2003 requiring plaintiff to refrain from filing charges with EEOC.

6.  On or about September 30, 2004, EEOC issued to plaintiff a conciliation failure letter.

2

7.  On or about May 9, 2005, the EEOC issued to plaintiff a Right to Sue letters, for plaintiff's Charge of Discrimination.

8.  Plaintiff filed the action with this Court on August 8, 2005, within 90 days of the date of plaintiff's receipt of the Right to Sue letters.

9.  Plaintiff has met all administrative and jurisdictional prerequisites for bringing this action.

10. The unlawful employment practices alleged herein were committed within the jurisdiction of the United States District Court for The District Of Columbia. WASA's place of business is in District of Columbia. Venue therefore properly lies in the District Court for the District of Columbia, pursuant to 28 U.S.C. § 1391 (b). Venue in this district is also proper pursuant to 42 U.S.C § 2000e-5 (f) (3).

## PARTIES

11. Plaintiff, who is an East Indian, South Asian female is a resident of the State of Maryland.

12. Defendant D.C. Water and Sewer Authority [WASA] is an independent private authority with its principal place of business in the Washington D.C. At all relevant times, defendant has continuously done business in Washington D.C, has had at least 15 employees, and has been an employer within the meaning of Title VII, the EPA, the DCHRA and §1981.

## FACTS

13. Plaintiff began her employment with WASA in March 1999 as a Water Quality Division [WQD] Manager to establish and develop the new Water Quality Division. During her employment at WASA, Plaintiff has been subjected to illegal racial, national origin and gender discrimination, *inter alia*.

3

14. Plaintiff responsibilities were to develop, implement, enhance and manage drinking water quality programs which ensured that the drinking water supplied to 1-million DC residents met the mandated Environmental Protection Agency regulations under Safe Drinking Water Act [SDWA]. Plaintiff hired and trained staff of approximately 22-employees consisting of field and administrative staff.

15. Plaintiff first reported to Mr. Mel Lewis, the Director of Water Services [DWS]. In and about January 2000 Mr. Mel Lewis was transferred and Plaintiff reported to Mr. Michael Marcotte, Deputy General Manager & Acting Director of Water Services. In and about July 2000 she reported to Mr. Kofi Boateng, who was hired as a Director of Water Services.

16. Until on or about August 2000 WASA did not have any type of performance management system. Plaintiff was never criticized orally or in writing for any type of job performance at WASA until she received her first performance evaluation on or about December 6, 2001. Plaintiff has Masters Degree, prior 20 yrs of outstanding career and performance record in the technical and management capacity, has received numerous awards, written technical manuals and published papers.

17. The performance evaluation system in WASA was implemented on or about September 2000.

18. On or about April 2001, Plaintiff confronted Mr. Boateng for the discriminatory actions in allowing WASA Human Resource Director to rescind and re-advertise the selection of Ms. Patel a South Asian, East Indian female who was selected by a panel interview to be my Water Quality Technician/Program assistant.

19. On or about April 2001, Plaintiff brought discrimination in her pay disparity per WASA pay plan to defendant's attention. Defendant refused to correct the pay disparity.

20.     On or about December 6, 2001, Plaintiff received her first performance evaluation from Mr. Boateng and was rated unsatisfactory (Level-I). Specifically, Plaintiff was given a low performance rating in the subjective categories of "team work" and "communication." In all the objective categories Plaintiff received high rating with positive comments.

21.     By contrast non-south Asian, non-east Indian male managers who performed managerial duties similar to the Plaintiff, were given higher ratings in these categories on their yearly performance reviews even though their work performance was more deficient than that of Plaintiff in the same and many other categories. These managers were openly un-professional with each other and to their staff, and had ongoing conflicts. However their performance in "team work" or "communication" was not affected and they were not terminated.

22.     The only other woman manager under Mr. Boateng, Ms. Oliver was singled out for "team work" and "communication" deficiencies. She received similar comments as Plaintiff in the categories of "team work" and "communication." However, since she was race-Black (like Mr. Boateng), i.e., non-South Asian and non-east Indian, she did not have her performance rating downgraded. Ms. Oliver was not discharged and received the benefit of progressive discipline, being cautioned for her communication deficiency with her employees and fellow managers repeatedly in years 2001 and 2002.

23.     Throughout the 2001year rating period, prior to her evaluation, Mr. Boateng never once orally or in writing indicated his dissatisfaction with Plaintiff's performance in any manner. The interim evaluation was not conducted per the performance evaluation system.

24.     On or about January 17, 2002, Plaintiff appealed the unsatisfactory performance evaluation and presented factual evidence of the completion of each performance goal and

performance factor. Plaintiff repeatedly requested Mr. Boateng to refrain from his harassing discriminatory conduct but to no avail.

25. On or about March 14, 2002, Plaintiff's second level supervisor Mr. Marcotte denied her appeal, faulting Ms. Bhat's communications ability in a manner to suggest that he was discriminating against her because of her accent and manner of expression, which are distinctively East Indian/South Asian.

26. Plaintiff appealed a second time on April 5, 2002, clarifying Mr. Marcotte's misstatements in the response to her appeal dated January 17, 2002.

27. On or about April 18, 2002, Mr. Marcotte again denied the Plaintiff's appeal dated April 5, 2002.

28. On or about May 12, 2002, Plaintiff was placed on performance improvement plan [PIP]. The PIP was to last for 90 days. The PIP listed action items to be accomplished by plaintiff.

29. In the PIP, Plaintiff was given a specific mandate to follow the chain of command within the organization, though other managers were not given similar directives. Defendant did not impose the same mandate on non-south Asian and non-east Indian managers. The three other managers -- two African Amercans and one white caucacian -- contacted upper management within the organization and other agencies. They were not reprimanded for doing so, nor was it reflected on their performance evaluation to influence the rating.

30. Though Defendant's PIP policy specified that a manager placing an employee on a PIP had an obligation to communicate regularly with the employee to correct any performance deficiencies, Mr. Boateng rarely responded to his emails in a timely manner, returned voice messages or answered phone calls. Also, he cancelled or did not show up for scheduled meetings

6

to discuss the PIP. According to the PIP, Mr. Boateng and Plaintiff were supposed to meet twice a week to review her performance however; they did not meet for this purpose even once. Upon information and belief, other non-Indian, non-South Asian, male Defendant employees did receive communications and opportunities to improve during their PIPs.

31.     Although, under the PIP, Mr. Boateng was supposed to provide regular written feedback as to whether Plaintiff was improving in the areas in question, and written feedback at the conclusion of the PIP timeframe, he never provided Plaintiff with any written feedback on the PIP. Upon information and belief, other non-East Indian, non-South Asian, male Defendant employees who did not engage in protected activities did receive written feedback on PIPs.

32.     Even as Mr. Boateng was supposed to be helping Plaintiff to improve her performance, he was taking actions which made it more difficult for her to perform her duties satisfactorily. On or about June 2002, Plaintiff was offsite to complete her PIP training. Cell Phones of all managers in Mr. Boateng's department were cut off due to a procedural error from Mr. Boateng's office. Mr. Boateng directed through his coordinator to reinstate cellphones of all managers, except that of Plaintiff. Thus, Mr. Boateng cut off Plaintiff's cell phone communication with her office, field staff, other WASA Departments and outside agencies by not reinstating her cell phone for almost two weeks, while similarly-situated managers did not suffer the same obstacles. Likewise, on or about September 2002, Defendant excluded plaintiff from the email list for the daily manager's valve coordination meeting to which all other managers were invited. Plaintiff became aware of the meeting by a chance inquiry from a co-manager. This was an important meeting on the day-to-day status of ongoing infrastructure projects, planning and co-ordination between Divisions which included Plaintiff's area of responsibility. The non-inclusion

7

prevented plaintiff from obtaining information which was important for water quality emergencies.

33.   Plaintiff had completed all PIP action items. Neither during nor immediately after the 90-day PIP period was Plaintiff advised orally or in writing that her performance was unsatisfactory or not successfully completed. Indeed, Plaintiff had every reason to believe that she had fully complied with the terms of the PIP. No similarly-situated, male, non-South Asian, non-East Indian employees and/or employees who did not engage in protected activities were found to fail their PIPs without ample notice and an opportunity to improve.

34.   Plaintiff was highly effective and productive in 2002 increasing water quality and overall efficiency of WQD and earned high rating in all objective categories of performance evaluation. Yet, on or about December 6, 2002, Plaintiff received Level-I, unsatisfactory performance. Mr. Boateng again chose to isolate the same subjective categories of "team work" and "communication." to arrive at a discriminatory and unjustified, unsatisfactory performance rating. By contrast non-south Asian, non-east Indian managers, male managers and managers who did not engage in protected activities, who performed managerial duties similar to the Plaintiff, were given higher ratings in these categories on their yearly performance reviews even though their work performance was more deficient than that of Plaintiff in the same categories.

35.   Mr. Boateng wrote regarding Ms. Oliver, a similarly-situated, non-south Asian and non-east Indian manager, that she had "shown improvements only for six months" during the 2002 rating period in the category of "team work." Ms. Oliver's performance for the first half of the year did not result in an overall unsatisfactory rating. However, in Plaintiff's case, although Plaintiff had achieved all her performance goals and was productive and efficient in team projects throughout the rating period, Defendant downgraded her final performance rating in the

8

category of "teamwork." Defendant eliminated from consideration two unaccomplished performance goals for 2002 so as not to affect Ms. Oliver's performance rating. Likewise defendant did not consider unaccomplished goals for another black female (Ms. Washington), giving her a good performance rating. Mr. Boateng justified his ratings of Ms. Oliver and Ms. Washington by saying that they both did not have adequate resources to accomplish their projects. Though Mr. Boateng likewise did not provide Plaintiff adequate staff or budget, he nonetheless gave her unsatisfactory ratings.

36. After repeated requests, Defendant authorized compensatory time for Plaintiff per WASA policy to accomplish mandatory projects due to staff shortage. However, Defendant did not follow-up with the documentation procedure to implement the compensatory time authorization, resulting in no compensation to the Plaintiff. In contrast other male, non-south Asian and non-east Indian Managers and managers who did not engage in protected activites were given compensatory time off.

37. Mr. Boateng and/or Mr. Marcotte raised the performance rating of another Male Manger- Mr. Sines from "Level-II, satisfactory" to "Level-III, excellent" because Mr. Sines gave his employees prompt progressive discipline. In contrast, Mr. Boateng and Mr. Marcotte penalized plaintiff and gave her a "Level-I, unsatisfactory" for providing her employees progressive discipline, thus penalizing her for the actions that were rewarded in a similarly situated Male, non-South Asian, non-East Indian manager who, upon information and belief, did not engage in protected activities.

38. On or about December 24, 2002, Plaintiff appealed the December 6, 2002 performance evaluation. On or about January 12, 2003, the appeal was denied by Mr. Boateng and forwarded to second level supervisor Mr. Marcotte via Human Resource Office per WASA procedure.

rights and refrain from filing charges with EEOC. Plaintiff scheduled her appointment with Mr. Johnson on February 28, 2003.

**42.** On February 28, 2003, Plaintiff discussed with Mr. Johnson all her accomplishments for years 2001 and 2002 and how Mr. Boateng and Mr. Marcotte had discriminated against her. Mr. Johnson kept one of Plaintiff's documents for additional review -- a calendar of scheduled/cancelled meeting with Mr. Boateng demonstrating that Mr. Boateng discriminatorily denied Plaintiff the opportunity to improve on her PIP. Mr. Johnson told Plaintiff that he would inform her of the outcome.

**43.** On about March 4, 2003, Ms. Grier called Plaintiff to say that Defendant was going forward with Plaintiff's termination. Plaintiff was terminated on March 5, 2003 after almost 3 years of humiliating malicious and discriminatory treatment.

**44.** Defendants conduct was intentionally discriminatory, willful and malicious. Further defendant recklessly disregarded plaintiff's civil rights.

**45.** Plaintiff suffered economic and pecuniary losses as well as emotional harm, humiliation and embarrassment as a proximate result of defendant's discriminatory conduct.

**46.** On or about September 24, 2003, a white, non-South Asian male, who upon information and belief never engaged in protected activity, Richard Giani, with less experience and fewer relevant job skills, was hired to replace Plaintiff and was paid higher wages. Upon information and belief, Mr. Giani is required to exert similar or less effort and has similar or less responsibility than Plaintiff had in the position, though he is paid more.

## FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC §2000e

### DISCRIMINATORY PERFORMANCE EVALUATIONS AND TERMINATION BASED ON GENDER

47.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 46 above as though fully set forth herein.

48.     Plaintiff is a member of a protected class. Her gender is female.

49.     Defendant has intentionally violated Title VII by downgrading Plaintiff's performance evaluations and effecting her termination, after a series of actions manifesting disparate treatment, including but not limited to denying Plaintiff progressive discipline and denying Plaintiff the benefit of Defendant's PIP policy. This discrimination constitutes a continuing violation.

50.     Male managers with similar or worse performance were not downgraded or terminated and received the benefit of progressive discipline and Defendant's PIP policy.

51.     Defendant hired a man to replace Plaintiff.

## SECOND CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC §2000e

### DISCRIMINATORY PERFORMANCE EVALUATIONS AND TERMINATION BASED ON RACE

52.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 51 as though fully set forth herein.

53.     Plaintiff is a member of protected class, South Asian.

54. Defendant has intentionally violated Title VII by its actions, including but not limited to, downgrading Ms. Bhat's performance rating and causing her termination, after denying Ms. Bhat the benefit of progressive discipline and Defendant's PIP policy. This discrimination constitutes a continuing violation.

55. Defendant has not downgraded or terminated similarly-situated non-South Asian employees, nor denied them the benefit of progressive discipline and Defendant's PIP policy.

56. Defendant hired a non-South Asian to replace Plaintiff.

### THIRD CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC §2000e

### DISCRIMINATORY PERFORMANCE EVALUATIONS AND TERMINATION BASED ON NATIONAL ORIGIN

57. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 56 as though fully set forth herein.

58. Plaintiff is a member of protected class, East Indian.

59. Defendant has intentionally violated Title VII by its actions, including but not limited to, downgrading Ms. Bhat's performance rating and causing her termination, after denying Ms. Bhat the benefit of progressive discipline and Defendant's PIP policy. This discrimination constitutes a continuing violation.

60. Defendant has not downgraded or terminated similarly-situated non-East Indian employees, nor denied them the benefit of progressive discipline and Defendant's PIP policy.

61. Defendant hired a non-East Indian to replace Plaintiff.

## FOURTH CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC §2000e

### RETALIATORY PERFORMANCE EVALUATIONS AND TERMINATION BASED ON REPRISAL FOR PROTECTED ACTIVITIES

**62.**     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 61 as though fully set forth herein.

**63.**     Plaintiff engaged in protected EEO activities, as set forth above, beginning in or about April 2001.

**64.**     Thereafter, Defendant intentionally violated Title VII by its actions, including but not limited to, downgrading Ms. Bhat's performance rating and causing her termination, after denying Ms. Bhat the benefit of progressive discipline and Defendant's PIP policy. This discrimination constitutes a continuing violation.

**65.**     Defendant has not downgraded or terminated similarly-situated employees who did not engage in protected activities, nor denied them the benefit of progressive discipline and Defendant's PIP policy.

**66.**     Defendant hired an employee to replace Plaintiff who had not engaged in protected activities, upon information and belief.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE DC HUMAN RIGHTS ACT, D.C. CODE SECTION 2-1402.11

### DISCRIMINATORY PERFORMANCE EVALUATIONS AND TERMINATION BASED ON NATIONAL ORIGIN, RACE, GENDER AND RETALIATION

**67.**     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 66 above as though fully set forth herein.

68. For all of the aforementioned reasons, Defendant violated the DC Human Rights Act, which echoes Title VII, with regard to Plaintiff's performance evaluations and termination, including but not limited to the lack of progressive discipline and the failure to apply Defendant's PIP policy.

### SIXTH CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC §2000e

### DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT BASED ON RACE, NATIONAL ORIGIN, GENDER AND RETALIATION

69. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 68 above as though fully set forth herein.

70. Defendant has intentionally violated Title VII by discriminating against Ms. Bhat on the basis of her race, national origin, gender and retaliation for protected activities, in the terms and conditions of her employment by, including but not limited to, denying her the opportunity to participate in meeting, not providing her the tools and resources to perform her duties. Similarly-situated, non-South Asian, non-East Indian, male employees and employees who did not engage in protected activities were more favorably treated. This discrimination constitutes a continuing violation.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF THE DC HUMAN RIGHTS ACT, D.C. CODE SECTION 2-1402.11

### DISPARATE TERMS AND CONDITIONS OF EMPLOYMENT BASED ON NATIONAL ORIGIN, RACE, GENDER AND RETALIATION

71. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 70 above as though fully set forth herein.

72.     For all of the aforementioned reasons, Defendant violated the DC Human Rights Act, which echoes Title VII, with regard to Plaintiff's terms and conditions of employment, including but not limited to excluding her from meetings and denying her the tools necessary to do her job.

## EIGHTH CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED 42 U.S.C. § 1981

### DISCRIMINATION REGARDING PLAINTIFF'S EXPRESS OR IMPLIED EMPLOYMENT CONTRACT BASED UPON RACE

73.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 72 above as though fully set forth herein.

74.     Plaintiff had an express or implied employment contract of employment with WASA.

75.     Plaintiff was entitled to "make and enforce contracts" in the same manner as non-South Asians, including equality in the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

76.     Plaintiff was subjected to disparate terms and conditions of employment and an abrupt termination of the employment contract by Defendant, unlike non-South Asians.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE EQUAL PAY ACT OF 1963, 29 U.S.C. §206(d)

### UNEQUAL PAY BASED ON GENDER, DESPITE EQUIVALENT SKILL, EFFORT AND RESPONSIBILITY

77.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 76 above as though fully set forth herein.

78.     Defendant has violated the Equal Pay Act of 1963 discriminating against Ms. Bhat on the basis of gender and replacing her with a less-experienced, less-skilled male, who is paid more, despite exerting similar or less effort and having similar or less responsibility.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

A.   declaring that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, the DC Human Rights Act, the Civil Rights Act of 1866 and the Equal Pay Act of 1963;

B.   directing defendant to make plaintiff whole for all earning and other job benefits she should have received, including, but not limited to, lost wages, pension, bonuses and other benefits, plus pre-judgment and post-judgment interest;

C.   directing defendant to place plaintiff in a position such as she should have attained;

D.   directing defendant to pay plaintiff compensatory damages, including damages for her emotional distress, physical pain, mental anguish, and humiliation in an amount appropriate to the proof at trial;

E.   awarding plaintiff punitive damages in an amount appropriate to the proof of trial;

F.   awarding plaintiff the costs of this action, including reasonable attorneys' fees; and

G.   granting such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR A TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all claims.

Dated: August 8, 2005	Respectfully submitted,

By:	*Seema Bhat*

Seema S. Bhat

6301 Hidden Clearing

Columbia, MD 21045

(410) 964-9743

*Pro Se Plaintiff*



U.S. Department of Justice

Civil Rights Division

---

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

RAA:WBF:mdw
DJ 170-16-326

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

MAY 9 2005

Seema S. Bhat
6301 Hidden Clearing
Columbia, MD 21045

        Re: Seema S. Bhat v. D.C. Water and Sewer
            Authority, EEOC No. 100-2004-00007

Dear Ms. Bhat:

    It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

    You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

    Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

    We are returning the files in this matter to EEOC's Baltimore District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Marie Tomasso, Acting District Director, EEOC, 10 S. Howard Street, 3rd Fl., Baltimore, MD 21201.

                                     Sincerely,

                                      R. Alexander Acosta
                                    Assistant Attorney General
                                    Civil Rights Division

By: [signature] William B. Fenton
                                   Deputy Chief
                           Employment Litigation Section

05 1587

FILED

AUG - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

cc: Kenneth P. Barnhart, Esq.
    D.C. Water and Sewer Authority